IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 420-081 |
| | ) | |
| EVANS CONCRETE, LLC | ) | |
| JAMES CLAYTON PEDRICK | ) | |
| GREGORY HALL MELTON | ) | |
| JOHN DAVID MELTON | ) | |
| TIMOTHY TOMMY STRICKLAND | | |

**O R D E R**

The Court **GRANTS** the government's motion to file under seal its reply to Defendants' consolidated response to the Court's June 12, 2023 Order regarding the *James* Hearing. (Doc. no. 388.) The government seeks permission to file a public version of the filing redacting only the names of unindicted co-conspirators and allegations concerning their participation in the conspiracy. (Id.)

The public has a qualified First Amendment right of access to criminal proceedings. See United States v. Ochoa-Vasquez, 428 F.3d 1015, 1028-29 (11th Cir. 2005). This right establishes a presumption of openness that precludes the sealing of criminal proceedings or court filings. See id. at 1030. For example, a "motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, is subject to the public right of access." Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotation marks and citation omitted). In denying access to court documents or filings, however, a district court "must articulate the overriding interest 'along with findings specific enough that a reviewing court can determine whether the closure order was properly

entered.'" Ochoa-Vasquez, 428 F.3d at 1030 (quoting Press-Enterprise Co. v Super. Ct. of California, Riverside Cnty., 464 U.S. 501, 510 (1984)). Indeed, the right of access "may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." Romero, 480 F.3d at 1246 (internal quotation marks and citation omitted).

In conducting this balancing, courts consider factors such as "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id.; see also In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987). As the Eleventh Circuit has explained, findings in a public order as to the need for sealing "need not be extensive. Indeed, should a court say too much the very secrecy which sealing was intended to preserve could be impaired. The findings need only be sufficient for a reviewing court to be able to determine, in conjunction with a review of the sealed documents themselves, what important interest or interests the district court found sufficiently compelling to justify the denial of public access." United States v. Kooistra, 796 F.2d 1390, 1391 (11th Cir. 1986).

The Court has considered these factors and determined that redaction of co-conspirator information is appropriate. Courts routinely seal documents identifying unindicted co-conspirators because public disclosure could inflict reputational harm and jeopardize ongoing investigations. See, e.g., U.S. v. Simpson, No. 309-CR-249-D(06), WL 2010 3633611, at *2-*3 (N.D. Tx. Sept. 20, 2010) ("The primary concern is that public disclosure of the persons associated with criminal activity may cause damage to the unindicted person's reputation with

2

no corresponding opportunity to defendant his reputation at trial."); U.S. v. Steinger, 626 F. Supp. 2d 1231, 1235 (S.D. Fl. Apr. 28, 2009) (granting motion to seal grand jury transcripts and documents to protect investigation integrity and shield unindicted persons from consequences if later cleared of misconduct); U.S. v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (approving redacted plea agreement to protect privacy interests of third parties under investigation who may be "unaware of threatened danger" or "may not appear before the district court to protect themselves"); U.S. v. Smith, 776 F.2d 1104, 1113 (3rd Cir. 1985) (affirming sealing sections of bill of particulars because of "risk of serious injury to innocent third parties" as unindicted co-conspirators "will not have an opportunity to prove their innocence in a trial. This means that the clearly predictable injuries to the reputations of the named individuals are likely to be irreparable.").

On or before November 3, 2023, the government shall email to Courtnay_Capps@gas.uscourts.gov the proposed redactions of the response for filing on the public docket, with redactions in yellow highlighter. The government shall list all counsel as a copy recipient to its email. The Court **DIRECTS** the **CLERK** to file the original unredacted brief under seal. Sealing shall only extend to the contents of the filing and not the identity of the filer or title of the filing. Permanent sealing is necessary under Fed. R. Crim. P. 6.

SO ORDERED this 27th day of October, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA