UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CR 420-81 |
| | ) |
| v. | ) |
| | ) |
| EVANS CONCRETE, LLC | ) |

## PLEA AGREEMENT

Defendant Evans Concrete, LLC, represented by counsel R. Brian Tanner and Daniel P. Griffin, and the United States of America, represented by Assistant United States Attorneys Karl Knoche and E. Greg Gilluly, Jr., and Department of Justice Antitrust Division Trial Attorneys Patrick Brown and Julia Maloney, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

**1. Guilty Plea**

Defendant agrees to enter a plea of guilty to Count One of the Indictment, Conspiracy in Restraint of Trade, in violation of Title 15, United States Code, Section 1.

**2. Elements and Factual Basis**

The elements necessary to prove the offense charged in Count One are:

**First:** The charged conspiracy was knowingly formed and was in existence at or about the time alleged,

**Second:** The defendant knowingly joined the charged conspiracy, and

**Third:** The charged conspiracy either substantially affected interstate or foreign commerce or occurred within the flow of interstate or foreign commerce.

_TS_
Initials of Defendant's
Corporate Representative

Defendant agrees that it is, in fact, guilty of this offense. Defendant agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

a) Beginning at least as early as 2011 and continuing at least until 2013 (the "relevant period"), in Statesboro, Georgia, within the Southern District of Georgia, the Defendant, Evans Concrete, LLC, along with other co-conspirators, knowingly entered into and engaged in a combination and conspiracy to suppress and eliminate competition by fixing prices, rigging bids, and allocating specific jobs for sales of ready-mix concrete. The combination and conspiracy engaged in by the Defendant and other co-conspirators was a *per se* unlawful, and thus unreasonable, restraint of interstate trade and commerce in violation of Section One of the Sherman Act (15 U.S.C. § 1).

b) During the relevant period, the Defendant was a Georgia limited liability corporation with its headquarters in Claxton, Georgia.

c) During the relevant period, the Defendant and its co-conspirators sold ready-mix concrete in Statesboro, Georgia.

d) During the relevant period, James Pedrick was a cement salesman for Argos USA LLC in its Pooler, Georgia, office, selling cement to ready-mix concrete suppliers, including the Defendant, in Statesboro, Georgia, and elsewhere.

e) In furtherance of the conspiracy, the Defendant and its co-conspirators agreed on pricing levels of ready-mix concrete in Statesboro, Georgia.

2

_T.S._
Initials of Defendant's
Corporate Representative

f) In furtherance of the conspiracy, the Defendant and its co-conspirators allocated specific ready-mix concrete jobs in Statesboro, Georgia.

g) In furtherance of the conspiracy, the Defendant and its co-conspirators submitted quotes and bids to ready-mix concrete customers in Statesboro, Georgia, at collusive and non-competitive prices.

h) In an attempt to conceal the conspiracy and in furtherance of the conspiracy, the conspirators—including the Defendant—used Pedrick as a conduit and messenger to exchange pricing and job-related information between and among themselves, rather than communicating with each other directly.

i) During the relevant period, the business activities of the Defendant and its co-conspirators in connection with ready-mix concrete that are the subject of Count One of the Indictment, were within the flow of, and substantially affected, interstate trade and commerce.

3. **Possible Maximum Sentence**

Defendant's guilty plea will subject it to the following maximum possible sentence:

- A fine of not more than the greatest of (1) $100 million, (2) twice the gross pecuniary gain derived from the offense, or (3) twice the gross pecuniary loss to any person other than the defendant resulting from the offense (15 U.S.C. § 1; 18 U.S.C. § 3571(c) and (d)); and

- Such restitution as may be ordered by the Court.

The Court additionally must impose a $400 special assessment. 18 U.S.C. § 3013 (a)(2)(B).

_TS_
Initials of Defendant's
Corporate Representative

4. **Sentencing Agreement Under Fed. R. Crim. P. 11(c)(1)(C)**

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant agree the appropriate sentence is (a) a criminal fine of $2,800,000, less any offset under U.S.S.G. §8C3.4 for a criminal fine imposed on Defendant Timothy Strickland; and (b) no order of restitution, *see infra* ¶ 7(a) (together the "Recommended Sentence"). The Court will have the discretion to set the length of probation, any conditions of probation, or any other terms of the sentence. The parties agree the Recommended Sentence is reasonable.

The United States agrees to recommend and argue to the United States Probation Office and the Court that the volume of commerce attributable to the Defendant for purposes of U.S.S.G. §2R1.1 for the offense of conviction is not more than $6,926,027, the gross sales of ready-mix concrete by the Defendant from its Statesboro plant from 2011 to 2013.

The Court may accept or reject the plea agreement. If the Court accepts this Plea Agreement, the Court must sentence Defendant in accordance with the Recommended Sentence. If the Court rejects this Plea Agreement, the Court must allow Defendant the opportunity to withdraw its plea and must advise Defendant that if it persists in a guilty plea, the disposition of the case may be less favorable to Defendant than is contemplated by this Plea Agreement.

Defendant agrees to waive any "Speedy Trial Rights" or other applicable constitutional, statutory, or procedural rights.

*T.S.*
Initials of Defendant's
Corporate Representative

5. **Use of Information**

The United States is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. Any incriminating information provided by Defendant during its cooperation will not be used in determining the applicable Guidelines range, pursuant to U.S.S.G. §1B1.8.

6. **Court's Use of Sentencing Guidelines**

Defendant understands that although this plea is being presented as a Fed. R. Crim. P. 11(c)(1)(C) plea that is binding on the Court, if accepted, the parties recognize the Court's duty to consider the advisory Sentencing Guidelines in determining and imposing sentence.

The United States and Defendant agree there is no *ex post facto* issue under the November 2023 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. Defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. Defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that Defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to Defendant or in determining

5

*T.S.*
Initials of Defendant's
Corporate Representative

Defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

7. **Financial Obligations and Agreements**

   a. **Restitution**

   In light of the availability of and currently pending civil causes of action, the Recommended Sentence does not include a restitution order for the offense charged in Count One of the Indictment.

   b. **Special Assessment**

   Defendant agrees to pay a special assessment in the amount of $400, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

   c. **Enforcement**

   Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

_TS._
Initials of Defendant's
Corporate Representative

8. **Relevant Considerations**

The United States enters into this Plea Agreement based on the individual facts and circumstances of this case. Among the facts considered were: the Defendant's admissions, the nature and seriousness of the Defendant's illegal conduct, and the availability of recovery of damages in civil actions.

9. **Waivers**

   a. **Waiver of Appeal**

   Defendant entirely waives its right to a direct appeal of its conviction and sentence on any ground (including any argument that the statute to which Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that Defendant may file a direct appeal of its sentence if (1) the court enters a sentence above the statutory maximum; (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the United States appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs its attorney not to file an appeal.

   b. **Waiver of Collateral Attack**

   Defendant entirely waives its right to collaterally attack its conviction and sentence on any ground and by any method. The only exception is that Defendant may collaterally attack its conviction and sentence based on a claim of ineffective assistance of counsel.

Initials of Defendant's Corporate Representative

c. **FOIA and Privacy Act Waiver**

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

## 10. Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which it will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the rights at trial to confront and cross-examine adverse witnesses, to present evidence, and to compel the attendance of witnesses.

## 11. Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that its attorneys have represented it faithfully, skillfully, and diligently, and it is completely satisfied with the legal advice given and the work performed by its attorneys.

## 12. Breach of Plea Agreement

Defendant breaches this agreement if, prior to sentencing in this case, it fails to comply with any of the terms of this agreement, withdraws or attempts to withdraw its guilty plea after this Plea Agreement has been accepted by the Court,

8

_T.S._
Initials of Defendant's
Corporate Representative

refuses to accept responsibility for any of its criminal conduct, obstructs justice by tampering with a witness or evidence, or commits any new crimes. If Defendant breaches the Plea Agreement, the United States is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the United States may (1) declare the Plea Agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the Plea Agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this Plea Agreement. Defendant waives any statute-of-limitations or speedy-trial defense to prosecutions reinstated or commenced under this paragraph.

In the event that the United States determines that the Defendant has breached the Plea Agreement and the Defendant fails to cure the breach, the entire amount of the fine, less amounts already paid (if any), shall be due and owing within ten (10) business days after receipt by the Defendant of written notice of breach from the United States. If the Defendant fails to either cure or pay the balance due within ten (10) business days of receipt of the written notice of breach, the Defendant will consent to entry of a civil judgment for the full balance due plus all reasonable costs incurred in the civil action, including attorney's fees and expenses; will provide the United States with its most recent audited financial statement; and will not oppose any collection action undertaken by the United States to satisfy the civil judgment.

The Defendant understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this

_____
Initials of Defendant's
Corporate Representative

Plea Agreement because of the Defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by it to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it. In addition, the Defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

### 13. Public Statements by the Defendant

The Defendant expressly agrees that it will not, through current or future attorneys, directors, officers, employees, agents, or any other person authorized by the Defendant to speak on its behalf, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the Defendant set forth in the Factual Basis section of this Plea Agreement. Any such contradictory statement will, subject to cure rights of the Defendant described below, constitute a violation of this plea agreement, and the Defendant thereafter will be subject to prosecution. The decision whether any public statement by any such person contradicting a fact contained in the Factual Basis section of this Plea Agreement was made on behalf of the Defendant for the purpose of determining whether it has violated this Plea Agreement will be at the sole discretion of the United States. If the United States determines that a public statement by any such person contradicts in whole or in part a statement contained in the Factual Basis section of this Plea Agreement, the United States shall so notify the Defendant, and the Defendant may avoid a violation of this Plea Agreement by publicly repudiating such statement(s)

10

*[initials]*
Initials of Defendant's
Corporate Representative

within five (5) business days after notification. The Defendant will be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Indictment and the Factual Basis section of this Plea Agreement provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Factual Basis section of this Plea Agreement. This paragraph does not apply to any statement made by any current or future director, officer, employee, or agent of the Defendant in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of the Defendant.

The Defendant agrees that if it—or any of its parent companies and/or direct or indirect subsidiaries or affiliates—issues a press release or holds any press conference in connection with this Agreement, the Defendant shall first consult the United States to determine: (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the United States and the Defendant; and (b) whether the United States has any objection to the release or proposed statements.

14. **Entire Agreement**

This Plea Agreement constitutes the entire agreement between the United States and the Defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the Defendant.

_____
Initials of Defendant's Corporate Representative

The undersigned is authorized to enter this Plea Agreement on behalf of the Defendant as evidenced by the Resolution of the Board of Directors of the Defendant attached to, and incorporated by reference in, this Plea Agreement.

12

*[initials]*
Initials of Defendant's
Corporate Representative

JONATHAN S. KANTER
ASSISTANT ATTORNEY GENERAL
ANTITRUST DIVISION

JILL E. STEINBERG
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF GEORGIA

_____
Patrick S. Brown
Julia M. Maloney
Trial Attorneys

3/11/2024
Date

_____
E. Greg Gilluly, Jr.
Assistant United States Attorney

3-11-2024
Date

13

*J.S.*
Initials of Defendant's
Corporate Representative

Case 4:20-cr-00081-RSB-BKE   Document 442   Filed 04/02/24   Page 14 of 14

3/8/24
Date

*[signature]*
Timothy Tommy Strickland
President
Evans Concrete, LLC

3/8/24
Date

*[signature]*
R. Brian Tanner
Counsel to Defendant Evans Concrete, LLC

3/9/24
Date

*[signature]*
Daniel P. Griffin
Counsel to Defendant Evans Concrete, LLC

14

*T.S.*
Initials of Defendant's
Corporate Representative